Per curiam :
This case presents a very simple question of statutory interpretation, which was submitted by the Secretary of the *417 ‘Treasury to the Attorney-General, who, on the 19th of May, 1886, gave an opinion, in which, among other things, it is said:
“ Mr. McNeil, during his term of office, was from time to time assigned to duty at various distilleries, and has been paid at the maximum rate for every day while on duty under such assignments.
“ When not under an assignment to duty no service whatever was required of him, or rendered by him to the Government. '
“ His present claim is for compensation for those days during his term when he was not under any assignment to duty and not performing any duties.
“ The law in force at the date of his appointment and throughout his term provides that internal-revenue store-keepers shall receive such compensation, not exceeding $4 a day, to be paid monthly, as may be determined by the Commissioner of Internal Be venue, and ‘ said store-keepers shall only receive compensation when rendering actual service.* (19 St-at. L., p. 152.)
“While the fact that a store-keeper, when not under an assignment to duty, was obliged to hold himself in readiness to poriorm any duty that might be assigned, could have been considered as an element in determining his compensation, and may have been considered in fixing the amount when on duty, the express inhibition of the statute prevents any such consideration from entering into the determination of the time during which the per diem salary is computed.
“ The time during which the storekeeper ‘rendered actual service’ could alone be taken into account.
“ The interpretation adopted by the Commissioner not only gives the words employed their usual and natural significance, but is unembarrassed by conflicting considerations, arising either from other provisions in the law or any general policy or practice in connection with the internal-revenue system.
“Indeed, it is the only jiossible construction. Under the system arranged by law the store-keeper in the service was either rendering actual service under an assignment to duty or unable to render any service because unassigned. Therefore the provision quoted either has the meaning assigned it or none at all.”
The court adopts the opinion as a correct exposition of the case and a sound interpretation of the statutes.
The judgment of the court is that the petition be dismissed.